**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


**CYNTHIA D. JEEMS**                                                                    **PLAINTIFF**


**VERSUS**                                            **CIVIL ACTION NO. 4:09CV107-P-S**


**MISSISSIPPI DEPARTMENT OF**
**HEALTH**                                                                          **DEFENDANT**


## ORDER

This cause is before the Court on the defendant's Motion for Summary Judgment [28]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff brought this action seeking recovery for alleged violations of 42 U.S.C. § 1981 and Title VII. In particular, she alleges she was subjected to a sexually hostile work environment and her employer retaliated against her after she filed a complaint with the Equal Employment Opportunity Commission. The Mississippi Department of Health (hereafter "MDH"), defendant herein, answered and denied liability. After adequate opportunity for discovery, MDH moved for summary judgment. The matter has been fully briefed and is ripe for decision.

Upon review of the record, the Court is convinced that defendant is entitled to judgment as a matter of law. Jeems cannot demonstrate a triable issue of fact with regard to whether the sexual harassment she experienced was so severe and pervasive that it affected the terms and conditions of her employment with MDH. Moreover, even if she could do so, her claim would necessarily fail because she has not come forward with any evidence from which a reasonable trier of fact could conclude that MDH was aware of the harassment and failed to take prompt remedial action.

Hockman v. Westward Communications, LLC, 408 F.3 317, 325 (5th Cir. 2004).  Similarly, plaintiff cannot make out a triable issue of fact on her retaliation claim because she cannot demonstrate that she suffered any adverse employment action occurring as a result of activity protected under Title VII.  Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment [28] is well-taken and should be, and hereby is, GRANTED.  IT IS FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE, each party to bear its own costs.

SO ORDERED, this the 23rd day of May, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE